1  Matthew Franklin Jaksa (CA State Bar No. 248072)
2  HOLME ROBERTS & OWEN LLP
   560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:   (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   MOTOWN RECORD COMPANY, L.P.;
7  UMG RECORDINGS, INC.; SONY BMG
   MUSIC ENTERTAINMENT; ELEKTRA
8  ENTERTAINMENT GROUP INC.; and
   BMG MUSIC
9

*ORIGINAL FILED*
*SEP 20 2007*
*RICHARD W. WIEKING*
*CLERK...*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*

*E-filing*

*ADR*

10                UNITED STATES DISTRICT COURT
11               NORTHERN DISTRICT OF CALIFORNIA
12

13  MOTOWN RECORD COMPANY, L.P., a         CASE NO. C07-04861  JW
    California limited partnership; UMG
14  RECORDINGS, INC., a Delaware corporation;   COMPLAINT FOR COPYRIGHT    HRL
    SONY BMG MUSIC ENTERTAINMENT, a        INFRINGEMENT
15  Delaware general partnership; ELEKTRA
16  ENTERTAINMENT GROUP INC., a Delaware
    corporation; and BMG MUSIC, a New York
17  general partnership,
18                     Plaintiffs,
19         v.
20  JOHN DOE,
21                     Defendant.
22
23
24
25
26
27
28

Complaint for Copyright Infringement
Case No.
#32611 v1

**JURISDICTION AND VENUE**

1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.    This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.    Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the true identity of Defendant John Doe ("Defendant") is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

**PARTIES**

4.    Plaintiff Motown Record Company, L.P. is a limited partnership duly organized and existing under the laws of the State of California, with its principal place of business in the State of California.

5.    Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6.    Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

7.    Plaintiff Elektra Entertainment Group Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8.    Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

1

Complaint for Copyright Infringement
Case No.
#32611 v1

1   9.   The true name and capacity of Defendant are unknown to Plaintiffs at this time.

2   Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant

3   by his or her ISP on the date and time of Defendant's infringing activity.  See Exhibit A.  Plaintiffs

4   believe that information obtained in discovery will lead to the identification of Defendant's true

5   name.

6                                   **COUNT I**

7                        **INFRINGEMENT OF COPYRIGHTS**

8   10.   Plaintiffs incorporate herein by this reference each and every allegation contained in

9   each paragraph above.

10   11.   Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of

11   exclusive rights under United States copyright law with respect to certain copyrighted sound

12   recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this

13   Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted

14   Recordings").  Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright

15   Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of

16   Exhibit A.

17   12.   Among the exclusive rights granted to each Plaintiff under the Copyright Act are the

18   exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted

19   Recordings to the public.

20   13.   Plaintiffs are informed and believe that Defendant, without the permission or consent

21   of Plaintiffs, has continuously used, and continues to use, an online media distribution system to

22   download and/or distribute to the public certain of the Copyrighted Recordings.  Exhibit A identifies

23   the IP address with the date and time of capture and a list of copyrighted recordings that Defendant

24   has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public.

25   Through his or her continuous and ongoing acts of downloading and/or distributing to the public the

26   Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and

27   distribution.  Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive

28   rights under copyright.  (In addition to the sound recordings listed on Exhibit A, Plaintiffs are

2

1    informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously

2    downloaded and/or distributed to the public additional sound recordings owned by or exclusively

3    licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of

4    infringement are ongoing.  Exhibit A includes the currently-known total number of audio files being

5    distributed by Defendant.)

6        14.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

7    each respective album cover of each of the sound recordings identified in Exhibit A.  These notices

8    of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

9     These published copies were widely available, and each of the published copies of the sound

10   recordings identified in Exhibit A was accessible by Defendant.

11       15.    Plaintiffs are informed and believe that the foregoing acts of infringement have been

12   willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

13       16.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

14   under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against

15   Defendant for each infringement of each copyrighted recording.  Plaintiffs further are entitled to

16   their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

17       17.    The conduct of Defendant is causing and, unless enjoined and restrained by this

18   Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

19   or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502

20   and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

21   Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound

22   recordings made in violation of Plaintiffs' exclusive rights.

23       WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

24       1.    For an injunction providing:

25       "Defendant shall be and hereby is enjoined from directly or indirectly
26   infringing Plaintiffs' rights under federal or state law in the
     Copyrighted Recordings and any sound recording, whether now in
     existence or later created, that is owned or controlled by Plaintiffs (or
27   any parent, subsidiary, or affiliate record label of Plaintiffs)
     ("Plaintiffs' Recordings"), including without limitation by using the
     Internet or any online media distribution system to reproduce (*i.e.,*
28   download) any of Plaintiffs' Recordings or to distribute (*i.e.,* upload)

3

1    any of Plaintiffs' Recordings, except pursuant to a lawful license or
     with the express authority of Plaintiffs. Defendant also shall destroy
2    all copies of Plaintiffs' Recordings that Defendant has downloaded
     onto any computer hard drive or server without Plaintiffs'
3    authorization and shall destroy all copies of those downloaded
     recordings transferred onto any physical medium or device in
4    Defendant's possession, custody, or control."

5        2.      For statutory damages for each infringement of each Copyrighted Recording

6    pursuant to 17 U.S.C. § 504.

7        3.      For Plaintiffs' costs in this action.

8        4.      For Plaintiffs' reasonable attorneys' fees incurred herein.

9        5.      For such other and further relief as the Court may deem just and proper.

10   Dated: September 20, 2007                    HOLME ROBERTS & OWEN LLP

11

12                                               By: _____

13                                                  MATTHEW FRANKLIN JAKSA
                                                    Attorney for Plaintiffs
14                                                  MOTOWN RECORD COMPANY, L.P.;
                                                    UMG RECORDINGS, INC.; SONY BMG
15                                                  MUSIC ENTERTAINMENT; ELEKTRA
                                                    ENTERTAINMENT GROUP INC.; and
16                                                  BMG MUSIC

17

18

19

20

21

22

23

24

25

26

27

28

4

Complaint for Copyright Infringement
Case No.
#32611 v1

# EXHIBIT A

## JOHN DOE

**IP Address:**  207.62.141.74 2007-03-08 03:21:22 EST                    **CASE ID#** 121036249

**P2P Network:**  Gnutella                                                             **Total Audio Files:** 75

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Motown Record Company, L.P. | 98 Degrees | The Hardest Thing | 98 Degrees & Rising | 237-315 |
| UMG Recordings, Inc. | Hanson | I Will Come To You | Middle Of Nowhere | 238-338 |
| SONY BMG MUSIC ENTERTAINMENT | Michael Jackson | Beat It | Thriller | 41-965 |
| SONY BMG MUSIC ENTERTAINMENT | Europe | The Final Countdown | The Final Countdown | 76-395 |
| UMG Recordings, Inc. | George Strait | I Cross My Heart | Pure Country | 146-421 |
| UMG Recordings, Inc. | Aqua | Aquarius | Aquarius | 284-437 |
| UMG Recordings, Inc. | Aerosmith | Cryin' | Get A Grip | 153-061 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | My All | Butterfly | 244-014 |
| Elektra Entertainment Group Inc. | Eagles | Hotel California | Hotel California | N38950 |
| BMG Music | Eve 6 | Inside Out | Eve 6 | 257-983 |