**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Motown Record Company L.P., et al.,

               Plaintiffs,

   v.

John Doe,

               Defendant.
_____/

NO. C 07-04861 JW

**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

Plaintiffs move *ex parte* for leave to take immediate discovery to obtain the identity of Defendant Doe, an alleged copyright infringer. Plaintiffs allege that they tracked the Internet Protocol ("IP") address associated with Defendant's activity online, and that the tracking showed Defendant provided copyrighted files for others to download. The IP address associated with Defendant's activity online on March 8, 2007 is: 207.62.141.74. (See Complaint, Ex. A, Docket Item No. 1.)

Although parties must generally confer prior to seeking expedited discovery, that requirement may be dispensed if good cause is shown. See Fed. R. Civ. P. 26(d); Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). When the identity of a defendant is not known prior to filing a complaint, the court should give the plaintiff an opportunity to identify the defendant through discovery, "unless it is clear that discovery would not uncover [the defendant's] identity[], or that the complaint should be dismissed on other grounds." Gillespie v. Civletti, 629 F.2d 637, 642 (9th Cir. 1980.) Although the Family Education Rights and Privacy Act

1  generally prohibits disclosure of certain records by federally-funded education institutions, it

2  provides that information can be disclosed pursuant to court order.  20 U.S.C. § 1232g(b)(2)(B).

3      Plaintiffs contend that they have evidence to make a *prima facie* case of copyright

4  infringement against Defendant, and that they have identified the Internet Service Provider ("ISP")

5  that provided Internet access to Defendant.  (Plaintiffs' *Ex Parte* Application for Leave to Take

6  Immediate Discovery, Docket Item No. 3.)  The ISP has subscriber activity log files that may allow

7  Plaintiffs to identify Defendant by IP address.  Plaintiffs further contend that the records kept by

8  ISPs are regularly destroyed, sometimes on a daily or weekly basis.  Thus, the Court finds that

9  Plaintiffs have demonstrated good cause for expedited discovery.  (Id.)

10     Accordingly, the Court GRANTS Plaintiffs' *Ex Parte* Application for Leave to Take

11  Immediate Discovery.  Plaintiffs shall serve immediate discovery on the California State University,

12  Monterey Bay to obtain the identity of Defendant by serving a Rule 45 subpoena that seeks

13  documents identifying Defendant, including Defendant's name, current (and permanent) address,

14  telephone number, and email address.  This order is limited to the discovery of information

15  associated with the IP address, 207.62.141.74, on March 8, 2007 at 3:21:22 EST.

16     The disclosure of this information is ordered consistent with the obligations of 20 U.S.C. §

17  1232g(b)(2)(B).  Under that provision, the California State University, Monterey Bay shall notify

18  students subject to the subpoena and their parents "in advance of the compliance" with the

19  subpoena.  Id.  If the California State University, Monterey Bay and Defendant wishes to move to

20  quash the subpoena, they shall do so before the return date of the subpoena.

21     Plaintiff shall use the information disclosed in response to the Rule 45 subpoena solely in

22  connection with this case and for the purposes of protecting Plaintiffs' rights under the Copyright

23  Act.

24

25  Dated:  October 12, 2007                    _____

26                                             JAMES WARE
                                               United States District Judge

27

28                                    2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Matthew Franklin Jaksa matt.jaksa@hro.com

**Dated:  October 12, 2007**                                    **Richard W. Wieking, Clerk**

                                                                **By:    /s/ JW Chambers                    **
                                                                     **Elizabeth Garcia**
                                                                     **Courtroom Deputy**

**United States District Court**
For the Northern District of California