1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   MOTOWN RECORD COMPANY, L.P.;
7  UMG RECORDINGS, INC.; SONY BMG
   MUSIC ENTERTAINMENT; ELEKTRA
8  ENTERTAINMENT GROUP INC.; and
9  BMG MUSIC

10                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
11                         SAN JOSE DIVISION

12

13 | MOTOWN RECORD COMPANY, L.P., a | CASE NO. 5:07-CV-04861-JW
   | California limited partnership; UMG |
14 | RECORDINGS, INC., a Delaware corporation; | **Honorable James Ware**
   | SONY BMG MUSIC ENTERTAINMENT, a |
15 | Delaware general partnership; ELEKTRA | *EX PARTE* **APPLICATION TO CONTINUE**
16 | ENTERTAINMENT GROUP INC., a Delaware | **CASE MANAGEMENT CONFERENCE**
   | corporation; and BMG MUSIC, a New York | **AND EXTEND TIME TO SERVE**
17 | general partnership, | **DEFENDANT AND [PROPOSED] ORDER**
18 |                Plaintiffs, |
19 |        v. |
20 | JOHN DOE, |
21 |                Defendant. |

Plaintiffs respectfully request that the Court continue the case management conference currently set for February 4, 2008, at 10:00 a.m. to May 12, 2008.  Plaintiffs further request, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional 90 days to serve Defendant with the Summons and Complaint.  As further explained below, Plaintiffs believe they have discovered the identity of the Doe defendant in this case and have attempted to contact her to resolve the dispute; however, in the event the dispute is not resolved, Plaintiffs do not have sufficient time to amend the complaint and effectuate service before the current service deadline expires.   In support of their request, Plaintiffs state as follows:

1. The initial case management conference is set for February 4, 2008, at 10:00 a.m. The current deadline for service of process is January 18, 2008.  No prior continuances have been requested or granted in this case.

2. Plaintiffs filed their Complaint for Copyright Infringement against Defendant John Doe ("Defendant") on September 20, 2007.  Plaintiffs did not have sufficient identifying information to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol address assigned to Defendant by Defendant's Internet Service Provider ("ISP") – here, California State University, Monterey Bay.

3. In order to determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave to Take Immediate Discovery on September 20, 2007, requesting that the Court enter an Order allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

4. The Court entered an Order for Leave to take Immediate Discovery on October 12, 2007, which was promptly served upon the ISP along with a Rule 45 subpoena.  On November 30, 2007, the ISP responded to Plaintiffs' subpoena, identifying Amber North and providing Plaintiffs with contact information including Ms. North's telephone number and address.

5. After receiving this information from the ISP, Plaintiffs sent a letter to Ms. North on December 18, 2007 notifying her of their claims for copyright infringement and

1

encouraging her to make contact to attempt to amicably resolve this matter.  To date, Ms. North has not responded to Plaintiffs, although this may be due in part to the university holiday.

6. Plaintiffs wish to give Ms. North a reasonable period of time to respond and resolve this case and should she fail to do so are prepared to amend the complaint to name her as an individual defendant.

7. Given the circumstances of this case, Plaintiffs respectfully request that the case management conference be continued to May 12, 2008, or such other date as conveniences the Court.  Plaintiffs also respectfully request an additional 90 days to effectuate service.

8. Plaintiffs submit that their efforts to give written notice to Ms. North of their claims and resolve the case before naming her in the lawsuit constitute good cause for any delay in perfecting service.  *See Ritts v. Dealers Alliance Credit Corp.,* 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (stating good cause standard for service extensions).  Moreover, unlike a traditional case in which the defendant is known by name and efforts to serve can begin immediately after filing the complaint, in this case Plaintiffs first had to obtain the identity of the defendant through the subpoena to the ISP.  This Court has discretion to enlarge the time to serve even where there is no good cause shown.  *Henderson v. United States,* 517 U.S. 654, 658 n. 5 (1996).

9. Because the copyright infringements here occurred in 2007, the three-year limitations period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no prejudice to the Defendant from any delay in serving the Complaint.

10. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: January 17, 2008                                                HOLME ROBERTS & OWEN LLP


By: _____*/s/ Matthew Franklin Jaksa*____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs

2

Ex Parte Application to Continue CMC and Extend Time to Serve Defendant and [Proposed] Order
Case No. 5:07-cv-04861-JW
#34948 v1

## [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for February 4, 2008, at 10:00 a.m. be continued to May 12, 2008.

**IT IS FURTHER ORDERED** that, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to April 17, 2008.

Dated: January 22, 2008     By: _/s/ James Ware_
Honorable James Ware
United States District Judge